62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mohamed F. ALI, Plaintiff-Appellant,
v.
Samuel REED, Defendant-Appellee.
 No. 95-5153.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1995.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Mohamed F. Ali appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 The defendant is a police officer in Johnson City, Tennessee. Ali alleged that the defendant violated his constitutional rights by providing false testimony to a grand jury that was considering charges against him. This claim is based on an affidavit by Ali's criminal attorney, which indicates that the defendant falsely testified that Ali had confessed and that the defendant refused to produce the alleged confession for the grand jury. On December 5, 1994, the district court dismissed Ali's case under 28 U.S.C. Sec. 1915(d). Ali's motion for reconsideration was denied on January 5, 1995, and he now appeals.
 
 
 3
 A complaint may be dismissed as frivolous under Sec. 1915(d), if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The dismissal of a case under Sec. 1915(d) is reviewed for an abuse of discretion on appeal. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). The district court did not abuse its discretion here because Ali's claim was barred by the statute of limitations and because the defendant was absolutely immune from suit.
 
 
 4
 Ali's case was properly dismissed because it was not filed within the one-year limitations period that is prescribed by Tenn. Code Ann. Sec. 28-3-104(a) (Michie 1994). See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). The district court properly found that Ali's suit was untimely because his complaint was filed on September 19, 1994, more than four years after the defendant allegedly testified to the grand jury. Ali now argues that his claim did not accrue until October of 1993, when he learned of the defendant's alleged testimony. However, under federal law, a cause of action accrues when a plaintiff knows or has reason to know that he has been injured. Id. at 273. Thus, Ali's cause of action accrued in December of 1989, when he allegedly discovered that he had been wrongly indicted.
 
 
 5
 The district court also properly determined that the defendant was entitled to absolute immunity for the testimony that he gave to the grand jury. See Grant v. Hollenbach, 870 F.2d 1135, 1139 (6th Cir. 1989). Ali concedes as much, but he now argues that the defendant was only entitled to qualified immunity regarding the other factual allegations in his complaint. It appears, however, that all of Ali's allegations arose from the defendant's testimony to the grand jury. Hence, the dismissal of this case was also proper because the defendant was absolutely immune from suit for the damages that Ali sought.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.